UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE MIGUEL FIGUEROA,

      Petitioner,

v.                                Case No:  2:16-cv-114-FtM-38CM

UNITED STATES OF AMERICA,

      Respondent.

_____/

**OPINION AND ORDER**[1]

      Petitioner Jose Miguel Figueroa ("Petitioner" or "Figueroa") initiated this action by filing a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on February 8, 2016 (Doc. 1).   The United States filed a response to the § 2255 motion on May 16, 2016 (Doc. 7).   Figueroa filed a reply on June 20, 2016 (Doc. 8).   After due consideration, the Court finds that Figueroa's § 2255 motion should be dismissed as time-barred, or alternatively, denied on the merits.

      Because each of the claims raised in the § 2255 motion is either time-barred, procedurally barred, contrary to law or affirmatively contradicted by the record, an evidentiary hearing is not required. *See Holmes v. United States*, 876 F.2d 1545, 1553

---

[1] Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.   These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.   Likewise, the court has no agreements with any of these third parties or their Web sites.   The court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

(11th Cir. 1989) ("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

### Background[2]

On March 6, 2013, Figueroa was indicted for three counts of bank robbery by intimidation, in violation of 18 U.S.C. § 2113(a) (Cr. 1). Figueroa pleaded guilty to all three counts of the indictment without the benefit of a plea agreement (Cr. 33). On October 21, 2013, the Court sentenced Figueroa to a below-guidelines sentence of 130 months in prison (Cr. 37). Figueroa was not sentenced under the Armed Career Criminal Act ("ACCA"). He did not file a direct appeal.

Subsequently, Figueroa filed this § 2255 motion in which he asserts that he should be resentenced in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) because he is no longer a "career offender" under the Sentencing Guidelines (Doc. 1 at 5-6). Figueroa also claims that the particular facts of his crimes do not support a conviction under 18 U.S.C. § 2113(a). *Id.* at 6.

### Analysis

### a.     Figueroa's 28 U.S.C. § 2255 motion is time-barred

Generally, a § 2255 motion must be filed within one-year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Figueroa did not file a direct appeal, so his sentencing judgment became final when the time for filing an appeal expired on November 7, 2013 (Cr. 39). Therefore, Figueroa was required to seek relief

---

[2] Docket entries in Petitioner's underlying criminal case, 2:13-cr-32-FtM-SPC-UAM-1 will be cited as (Cr. __).

under § 2255 before November 8, 2014. *Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). However, he did not file the instant § 2255 until February 8, 2016, more than a year too late.

Figueroa acknowledges that his § 2255 motion is untimely, but urges that the United States Supreme Court's decision in *Johnson* triggered the start of a new one-year limitations period under 28 U.S.C. § 2255(f)(3).[3] Specifically, Figueroa argues that his § 2255 motion is timely because he raises a right to relief based upon *Johnson*, which was decided on June 26, 2015—giving him through June 26, 2016 to file his petition. Figueroa claims that, in light of *Johnson*, he is entitled to consideration of the merits of his claims. In *Johnson*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague and deprived defendants of due process. 135 S. Ct. at 2557. However, Figueroa was sentenced under the Sentencing Guidelines, not the ACCA. In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court determined that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment's Due Process Clause. Thus, Figueroa cannot utilize *Johnson* to circumvent the one-year statute of limitations. [4]

---

[3] Section 255(f)(3) provides a limitations starting date as "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). On April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

[4] *Beckles* and *Welch* were both decided after Petitioner filed his § 2255 motion. However, *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015), was decided prior to Petitioner filing his § 2255 motion. In *Matchett*, the Eleventh Circuit expressly rejected the void for vagueness doctrine to the residual clause contained in the career offender provisions of the United States Sentencing Guidelines. Accordingly, this Court would have been required to reject Petitioner's § 2255 motion as untimely, even had *Beckles*

Nor is Figueroa entitled to equitable tolling. Equitable tolling is available only when a petitioner establishes both extraordinary circumstances that prevented timely filing and due diligence. *Diaz v. Sec'y, Fla. Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Holland v. Florida*, 560 U.S. 631 (2010) (recognizing that a petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way to prevent timely filed). Figueroa has presented no viable argument to excuse his failure to timely pursue a § 2255 motion to vacate, and his challenges to his federal sentence are, therefore, time-barred.

### b. *Johnson* does not apply to Figueroa's sentence

The crux of Figueroa's first claim is that he no longer qualifies for an enhanced sentence under the residual clause of the Sentencing Guidelines in light of the *Johnson* decision (Doc. 1 at 5). In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process[.]" 135 S. Ct. at 2563. The ACCA provides enhanced penalties for defendants who are: (1) convicted of being felons in possession of firearms, in violation of 18 U.S.C. § 922(g); and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The residual clause of the ACCA defines "violent felony" as, *inter alia*, a felony that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). In *Johnson*, the

---

not been decided in the interim.

Supreme Court found the "residual clause" so vague as to violate due process. *Johnson,* 135 S. Ct. at 2557.

The "crime of violence" definition contained within the Sentencing Guidelines' career offender enhancement provision is identical to the residual clause language the Supreme Court found unconstitutional in *Johnson*. U.S.S.G. § 4B1.2(a)(2). Despite this similarity, the Supreme Court held in *Beckles* that the *Johnson* decision does not apply to the residual clause of the Sentencing Guidelines. Specifically, the Court held that "the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." *Beckles*, 137 S. Ct. at 896. The Court reasoned that, unlike the ACCA, "[t]he advisory Guidelines . . . do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Beckles*, 137 S. Ct. at 894. The Supreme Court further distinguished the Sentencing Guidelines from the ACCA because the ACCA <u>requires</u> sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years, whereas the Guidelines are only advisory. *Id.* at 892. Therefore, although the Sentencing Guidelines' residual clause and the ACCA's residual clause are identical, the Sentencing Guidelines are not subject to a void-for-vagueness challenge under *Johnson* because the Guidelines "merely guide the district courts' discretion[.]" *Id.* at 894.

Under this reasoning, *Beckles* forecloses Figueroa's argument that he was improperly sentenced as a career offender under the Sentencing Guidelines, and Figueroa's first claim is denied on the merits.

### c. Bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under the Sentencing Guidelines

Figueroa was indicted on three counts of bank robbery, in violation of 28 U.S.C. § 2113(a) (Cr. 1). He now asserts that his particular robberies did not qualify as violations of § 2113(a) because he did not use violence when he committed them (Doc. 1 at 5). To the extent Figueroa urges that he was incorrectly charged under the § 2113(a), the claim is time-barred.[5] *See* discussion *supra*.

To the extent Figueroa urges that his particular bank robberies are not properly considered crimes of violence under the Sentencing Guidelines, he is wrong. The indictment charged that Figueroa, "did knowingly and willfully by intimidation" take money from the possession of Wells Fargo Bank, "the deposits of which were then insured by the Federal Deposit Insurance Corporation." *Id.* at 1-3.[6] Figueroa pleaded guilty to these charges (Cr. 33). A conviction under § 2113(a) requires that the defendant take the

---

[5] In addition, claims that were previously available but not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. *Bousley v. United States*, 523 U.S. 614, 622-24 (1998). Petitioner does not explain why he pleaded guilty to crimes under § 2113(a) if he believed that the government could not prove the elements. Any argument that this claim was unavailable before the *Johnson* decision is meritless; the cases cited by Petitioner in support of claim two were decided long before Petitioner committed the bank robberies—and before the *Johnson* decision. *See* Doc. 1 at 5-6 (citing to *United States v. Thorton*, 539 F.3d 741, 748 (7th Cir. 2008); *United States v. Wagstaff*, 865 F.2d 626, 629 (4th Cir. 1989)). Petitioner does not show (or even allege) cause to excuse his default of this claim—nor does he provide new evidence of actual innocence of the crimes to which he pleaded guilty. *See Schlup v. Delo*, 513 U.S. 298 (1995) (to be credible, an actual innocence claim must be supported with previously unavailable evidence). In addition to being time-barred, claim two is procedurally defaulted.

[6] According to Respondent, Petitioner's PSR stated that on three separate occasions, Petitioner entered a bank wearing a hooded sweatshirt pulled tightly over his face. Petitioner jumped onto and over the counter, yelled at the tellers that they were being robbed, and removed money from the cash drawers before fleeing (Doc. 7 at 2-3).

property of a bank "by force and violence, or by intimidation." *See* 18 U.S.C. § 2113(a). The Eleventh Circuit has expressly held that "bank robbery by intimidation . . . satisfies the ACCA elements clause's requirement of 'threatened use of physical force against the person of another.'" *United States v. Horsting*, 678 F. App'x 947, 950 (11th Cir. 2017); *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016) (concluding that a § 2113(a) offense is a crime of violence under § 924(c)(3)(A)). In addition to being time-barred and procedurally barred, Figueroa's second claim is denied on the merits.

Any of Figueroa's allegations not specifically addressed herein have been found to be either time-barred, procedurally barred, or without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      Figueroa's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred, or alternatively, **DENIED**.

2.      The **Clerk of the Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

3.      The **Clerk of the Court** is further directed to file a copy of this Order in criminal case number 2:13-cr-32-FTM-38CM and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Cr. 46) pending in that case.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY IS DENIED**. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may

issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted). Petitioner has not made the requisite showing in these circumstances.

Because Figueroa is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of August, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Jose Miguel Figueroa
Counsel of Record